IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| LEINER LEONEL GUAILLAS GUAMAN,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,<br><br>Respondents. | Case No. 0:26-cv-01062-SHL-DTS<br><br>**ORDER GRANTING MOTION TO ALTER/AMEND/CORRECT AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.   INTRODUCTION.**

Petitioner is a native and citizen of Ecuador who has been present in the United States since 2021. He was arrested by federal agents on February 4, 2026. Respondents assert that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) without the opportunity for a bond hearing. Petitioner asserts otherwise. On February 12, 2026, the Court entered an Order granting in part Petitioner's Verified Petition for Writ of Habeas Corpus and ordering Respondents to provide Petitioner with a bond hearing before an Immigration Judge within seven days. (ECF 6.)

Petitioner subsequently filed additional information showing that there is no pending removal proceeding against him and asking the Court to alter, amend, or correct the prior Order and order his immediate release. (ECF 7; ECF 8.) Given this additional information, the record now shows that Respondents have no lawful basis for detaining Petitioner. Accordingly, the Court GRANTS Petitioner's Motion to Alter/Amend/Correct Judgment, AMENDS and SUPERSEDES the prior Order, and GRANTS the Verified Petition for Writ of Habeas Corpus. Petitioner must be immediately released if he is in Minnesota or returned to Minnesota within twenty-four hours and then released if he is not already in Minnesota.

1

## II.   FINDINGS OF FACT.

Respondents largely do not dispute the facts in the Verified Petition, and thus the Court accepts them as true except where Respondents have presented contrary evidence. Petitioner is a citizen of Ecuador who has lived in the United States since 2021. (ECF 1, ¶¶ 12, 13.) Petitioner did not originally say whether there were removal proceedings pending against him, but he did allege that he is not subject to a final order of removal. (Id., ¶¶ 13, 20, 43.) On February 4, 2026, Petitioner was arrested by federal agents. (Id., ¶ 15.) He alleges that there was no warrant for his arrest (id., ¶ 52), although Respondents disagree and attach a copy of a warrant signed by Petitioner and dated February 4, 2026 (ECF 4-1). Upon being taken into custody, Petitioner was detained at the Bishop Henry Whipple Federal Building in Bloomington, Minnesota. (Id., ¶ 14.) Petitioner sues Respondents in their official capacities, seeking, among other forms of relief, immediate release from custody. (Id., pp. 14–15.)

On February 5, 2026, the Court entered an Order to Show Cause requiring Respondents, among other things, to "certify[] the true cause and proper duration of Petitioner's confinement" and explain "[w]hether Petitioner was arrested pursuant to a warrant and, if so, [provide] a copy of such warrant." (ECF 3.) Respondents responded to the Petition with a *pro forma* response stating that they "assert all arguments raised by the government in *Buenrostro-Mendez* [*v. Bondi*, No. 25-20496, 2026 WL 323330, --- F.4th ---- (5th Cir. Feb. 6, 2026)] and in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition." (ECF 4.) As noted above, Respondents also attached the warrant dated February 4, 2026, and signed by Petitioner. (ECF 4-1.) The warrant states that there is probable cause to believe Petitioner "either lacks immigration status or notwithstanding such status is removable under U.S. immigration law . . . ." (Id.) According to the warrant, the probable cause determination is based on "biometric confirmation of the subject's identity and a records check of federal databases" and/or "statements made voluntarily by the subject to an immigration officer and/or other reliable evidence." (Id.)

On February 12, 2026, the Court entered an Order granting in part the Verified Petition for Writ of Habeas Corpus and directing Respondents to provide Petitioner with a bond hearing before an Immigration Judge within seven days. (ECF 6.) The Court noted in the Order that the record was unclear regarding whether there was a pending removal proceeding against Petitioner and stated: "The Court will reconsider its decision and order immediate release if Petitioner presents

2

sufficient evidence that there is no removal proceeding currently pending against him." (Id., p. 7.) On February 13, 2026, Petitioner's counsel presented evidence showing that a search of Petitioner's A-Number and Nationality shows that he is in custody in Minnesota but states "No case found for this A-Number." (ECF 8, p. 2.) Accordingly, as of February 13, 2026—i.e., nine days after Petitioner's arrest—there is still no pending removal proceeding against him.

### III. HABEAS CORPUS STANDARDS.

Petitioner is entitled to writ of habeas corpus if, as relevant here, "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Th[e] right [of habeas corpus] extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). Petitioner bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Walker v. Johnston*, 312 U.S. 275, 286–87 (1941); *see also Bradin v. U.S. Prob. & Pretrial Servs.*, No. 22-3032, 2022 WL 1154622, at *3 (D. Kan. Apr. 19, 2022) (collecting cases).

### IV. LEGAL ANALYSIS.

*A. Petitioner Is Entitled to Immediate Release.*

The Court's original analysis revolved around whether Petitioner was subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(a) and (b)(2) or if he was entitled to a bond hearing as an alien already in the country under 8 U.S.C. § 1226(a). (ECF 6, pp. 2–4.) The Court concluded it was the latter. (Id.) The Court's analysis presumed, however, that there was a pending removal proceeding against Petitioner.

Having now been informed that no removal proceeding has ever existed, the distinction between § 1225 and § 1226 no longer matters. In the absence of a pending removal proceeding, ongoing detention is not permitted under either statute. As to the latter statute, § 1226(a) states that the Attorney General must issue a warrant before an alien may be arrested and detained. Further, 8 C.F.R. § 236.1 states that an arrest warrant may be issued "[a]t the time of issuance of the notice to appear, or at any time thereafter . . . ." Read together, these provisions appear to require the issuance of an arrest warrant (i) before the arrest itself, but (ii) not until a notice to appear has been filed. Here, because no notice to appear has been filed, Petitioner's detention was probably unlawful from the start and is clearly unlawful now.

3

The initial arrest may not have been unlawful if §§ 1225(a) and (b)(2) apply. 8 U.S.C. § 1357(a) establishes that an immigration officer has the power to make arrests without a warrant in some circumstances, including, as relevant here, the power to:

> . . . arrest any alien who in his presence or view is entering or attempting to enter the United States . . . or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States . . . .

*Id.* § 1357(a)(2). In turn, 8 C.F.R. § 287.3(a) states that the "examination" referenced in § 1357(a)(2) shall be made "by an officer other than the arresting officer. If no other qualified officer is readily available and the taking of the alien before another officer would entail unnecessary delay, the arresting officer, if the conduct of such examination is a part of the duties assigned to him or her, may examine the alien." Section 287.3(d) then states that except in extraordinary circumstances or where voluntary departure has been granted, a determination must be made within forty-eight hours "whether the alien will be continued in custody or released on bond and recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued."

Parsing the language, these provisions give an immigration officer the authority to make a warrantless arrest if: <u>one</u>, the officer has reason to believe the alien is in the United States without lawful status; <u>two</u>, the officer has reason to believe the alien is likely to escape before a warrant can be obtained for his arrest; <u>three</u>, the alien is taken without unnecessary delay for examination before a qualified immigration officer; <u>four</u>, the examining officer is different than the arresting officer unless no such person is "readily available;" and <u>five</u>, a determination is made within forty-eight hours whether a notice to appear and arrest warrant will be issued.

Petitioner has raised genuine questions about whether immigration officials complied with requirements two, three, and four. Even if the Court were to side with Respondents on each of those issues, however, the record now conclusively shows that Respondents have not complied with requirement five. Nine days (i.e., 216 hours) have passed without the filing of a notice to appear. This far exceeds the 48 hours permitted by governing law. Accordingly, even if Petitioner's arrest was proper, his ongoing detention is not. *See Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir.

4

1982) ("If the petitioners had been arrested illegally by INS officers and carted off to jail and the INS had made no move to begin deportation proceedings, the petitioners would have been entitled to obtain their freedom through a habeas corpus proceeding because their detention would have violated the Fourth Amendment . . . ."). Immediate release is the appropriate remedy in these circumstances. *See Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("[R]elease is an available and appropriate remedy for detention that lacks a lawful predicate." (internal quotation marks omitted)).

## V.   CONCLUSION.

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Motion to Amend/Alter/Correct Judgment (ECF 7) is GRANTED.
2. Petitioner's Verified Petition for Writ of Habeas Corpus (ECF 1) is GRANTED. This Order supersedes the Order (ECF 6) dated February 12, 2026.
3. If Petitioner is in Minnesota, Respondents must immediately release him from custody. If Petitioner is not in Minnesota, Respondents must return him to Minnesota within twenty-four hours and then immediately release him from custody. Respondents shall release Petitioner with all of his personal effects, including but not limited to his purse/wallet, money, driver's license, immigration papers, passport, cell phones, and keys.
4. Within three days of the date of this Order, the Parties shall confirm that Petitioner has been released as required by this Order.

**IT IS SO ORDERED.**

Dated: February 13, 2026

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE